IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs May 18, 2004

## STATE OF TENNESSEE v. LISA DARLENE HECK

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S45,518    R. Jerry Beck, Judge**

**No. E2003-02221-CCA-R3-CD - Filed July 9, 2004**

The defendant, Lisa Darlene Heck,[1] pled guilty to six counts of forgery and two counts of theft over $1,000. The Sullivan County trial court imposed a four-year sentence of incarceration on one of the theft cases followed by an effective sentence of four years of probation on the remaining convictions. On appeal, the defendant contends the trial court erred in imposing confinement on the theft charge. We affirm the judgments of the trial court; however, we remand for entry of an amended judgment as to one of the forgery convictions based upon a clerical error.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed; Remanded for Entry of Amended Judgment**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant District Public Defender, for the appellant, Lisa Darlene Heck.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Rebecca H. Davenport, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to two counts of theft over $1,000, Class D felonies; five counts of forgery over $500, Class E felonies; and one count of forgery over $1,000, a Class D felony. *See* Tenn. Code Ann. §§ 39-14-103 (theft of property), -105 (grading), -114 (forgery). The convictions resulted from the defendant's actions between December 1997 and February 1998 for thefts and

---

[1]In various pleadings the defendant's name also appears as "Lisa Darlene Evans" and "Lisa Myers." During the sentencing hearing, the defendant stated her name was "Lisa Myers." Pursuant to our policy, we use the name listed in the indictment.

issuing checks to numerous victims while representing herself as "Christy L. Richer" and using a false photographic identification card.

Pursuant to the plea agreement, the defendant received a two-year sentence for each of the Class E forgery convictions and a four-year sentence for each of the theft convictions and the Class D forgery conviction. The sentences for the forgery convictions and one theft conviction were to run concurrently with each other but consecutively to the other theft conviction, for an effective sentence of eight years. The state agreed to permit the defendant to serve four years of her sentence on probation with the manner of service of the remaining four years to be determined by the trial court.

## I.  SENTENCING HEARING

The defendant testified her parents abandoned her when she was young. She graduated from high school, obtained an associates degree in Hospitality Management, and is continuing her education to become a paralegal. The defendant stated she has two children, but does not have custody of either. The defendant's criminal history resulted in the termination of her parental rights of one of her children.

The defendant testified she has never committed a violent offense and served a total of four years in confinement for prior convictions. The defendant stated she violated the terms of prior sentences of probation on three occasions. She further stated she has essentially lived her life by stealing money and assuming the identities of others. The defendant apologized for her actions.

Angela Moody, the defendant's sister, testified she maintains regular contact with the defendant and has observed a change in the defendant since her previous term of incarceration. Moody stated the defendant is now employed and wishes to be a mother to her children. Both Moody and Christopher Fleming stated they believed the defendant was an appropriate candidate for probation, and they would aid the defendant in complying with the terms of probation.

At the conclusion of the sentencing hearing, the trial court noted the defendant's employment, her expression of remorse, and her sister's support as positive aspects. However, the trial court further noted the defendant's presentence report was "almost entirely negative" and that her prior record included terms of probation which were revoked. The trial court ordered the defendant to serve the four-year sentence for one of the thefts in confinement followed by an effective term of four years probation for the remaining offenses.

## II.  STANDARD OF REVIEW

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the

record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

## III.  ALTERNATIVE SENTENCING

The defendant contends the trial court erred in imposing incarceration.  We disagree.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

The defendant's presentence report reveals she has more than one hundred prior convictions, including many of the same offenses involved in the case at bar.  Furthermore, the defendant has violated the terms of prior sentences of probation on three occasions.  We conclude the trial court properly denied alternative sentencing based upon the defendant's long history of criminal conduct and the unsuccessful application of measures less restrictive than confinement.  *See* Tenn. Code Ann. § 40-35-103(1)(A), (C).

## IV.  CLERICAL ERROR

The transcript of the guilty plea hearing reflects that the defendant pled guilty to forgery over $1,000, a Class D felony, under count seven of the indictment.  However, the judgment lists the offense as a Class E felony.  Therefore, we remand for entry of an amended judgment as to count seven reflecting the forgery conviction as a Class D felony.  The judgments are otherwise affirmed.

_____
JOE G. RILEY, JUDGE

-3-